HOBART H. BOWERS, Plaintiff in Error,

*v.*

GENERAL GUARANTY INSURANCE COMPANY,
Defendant in Error.

430 S.W.2d 871.

(*Knoxville*, September Term, 1967.)

Opinion filed August 9, 1968.

JIMMY GRAY CUTSHAW and JOHN A. ARMSTRONG, Greeneville, for plaintiff in error.

SIMMONDS, HERNDON, FORTUNE, JOHNSON & COLEMAN, Johnson City, for defendant in error, J. PAUL COLEMAN, Johnson City, of counsel.

MR. JUSTICE DYER delivered the opinion of the Court.

This case presents the question of whether an employee under our Workmen's Compensation Statutes, T.C.A. sec. 50-901 et seq., is entitled to benefits for accidental injuries received when employee was performing an act made illegal by the penal statutes of this State.

There is no dispute as to the facts and those necessary to note are as follows:

R. E. Cutshall, doing business as the J & R Tavern (employer), held a valid license for the retail sale of beer

at a certain location in Greene County, Tennessee. On the premises at this location there are two buildings about eighty feet apart. In one of these buildings known as the Tavern legal sales of beer are made, and in the other building known as the old house sales of liquor are made, which sales are in violation of our penal statutes.

Hobart H. Bowers (employee) was employed to work as a salesman both at the Tavern and the old house, apparently making it necessary for him to go from one building to the other. On December 29, 1966, in the course of making a sale at the old house the employee was assaulted, which resulted in serious injuries for which he claims benefits under our Workmen's Compensation Statutes.

The chancellor found the employee at the time of the assault was knowingly violating the penal statutes of this State and by reason thereof the injuries received were not within the scope and purview of our Workmen's Compensation Statutes.

The employee takes the position he is covered under the language of T.C.A. sec. 50-902(b) wherein it is said:

"Employee" shall include every person, including a minor, whether lawfully or unlawfully employed, * * * in the service of an employer, * * *.

In 1A Larson's Workmen's Compensation Law, Section 47.51, at page 788, it is stated:

Although it could be argued technically that a requirement of a "contract of hire" can be satisfied only by showing a legal contract, the cases have generally drawn a distinction between contracts that are illegal in the sense that the making of the contract itself violates

some prohibition, and contracts that call for the performance of acts that are themselves violations of penal laws. The former will ordinarily support an award of compensation; the latter will not. For example, it was illegal under Pennsylvania law for claimant, an elected official, also to be employed as a supervisor, but claimant, injured while working in his capacity as supervisor, was held entitled to workmen's compensation. And compensation was awarded a night-club hostess in spite of the existence of a statute prohibiting the very contract under which she was hired, since the duties she was required to perform— the mere encouraging of patrons to drink, on a commission—did not themselves constitute violations of a penal statute. But compensation has been uniformly denied to bartenders hired during prohibition, and even to a beer deliveryman.

We think it was the intent of the Legislature by the above quoted language of T.C.A. sec. 50-902(b), defining an employee entitled to coverage to distinguish between contracts for hire, the making of which is prohibited (such as employment in certain cases of minors) and those contracts for hire which call for performance of acts which are themselves violations of our penal statutes. We construe this language to provide coverage to an employee even though the contract of employment be prohibited by statute or otherwise, if the duties required of the employee are themselves legal. We do not construe this language to provide coverage on an employee employed even under a legal contract of hire if the acts required of the employee are themselves a violation of our penal statutes and the employee receives injuries in the performance of the required illegal acts.

The judgment of the lower court is affirmed.

BURNETT, CHIEF JUSTICE, and CHATTIN, CRESON and HUMPHREYS, JUSTICES, concur.